JOHN VAN DOLSEN, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

*New York city schools — power of ward school trustees to repair buildings at a cost in excess of* $200 *— an appropriation by the board of education is necessary — notice of the limits of the power of a public officer.*

The school trustees of a ward in the city of New York are charged by the provisions of the Consolidation Act (Laws of 1882, chap. 410) with the duty of making all needful repairs to school premises, but they have no power to make a contract or contracts for repairing any building when such repairs exceed the sum of $200, until a statement in writing of the amount required for that purpose, together with plans for the work, shall have been presented to the board of education and shall have been approved by it, and an appropriation shall have been made by the board of education therefor.

No authority from a committee of the board of education, or from the superintendent of school buildings, can obviate the necessity of an express apportionment by the board of education to meet the obligation to be incurred by the making of a contract by school trustees.

The fact that the board of education had, at the time that a contract was made, money provided for the repair of school buildings, from which it could have made such an appropriation, does not obviate the difficulty, especially where, before the claim for such work has been presented for payment, such money has been otherwise appropriated.

Parties dealing with boards of public officers are chargeable with notice of the limitation of their powers, and a contract made by a public officer in excess of the power conferred upon him, imposes no liability upon a public or municipal corporation, even though the benefits of the contract have been received by the public.

APPEAL by the plaintiff, John Van Dolsen, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of April, 1897, upon the decision of the court rendered after a trial at the New York Trial Term before the court without a jury dismissing the complaint.

*Louis S. Phillips,* for the appellant

*Chase Mellen,* for the respondent.

INGRAHAM, J.:

The facts are not disputed. The board of school trustees of the fourth ward of the city of New York, acting for and on behalf and for the benefit of the board of education, entered into an agreement with the plaintiff, whereby the plaintiff agreed to perform certain work, labor and services, and to furnish certain materials at the agreed price of $600 in the erection of a protecting or retaining wall on the easterly side of Primary School No. 14 at Nos. 73 and 75 Oliver street in said city; and the plaintiff performed such work. This action is brought against the board of education to recover the contract price of such work. The defense is that the contract made on behalf of the school trustees was made in violation of the provisions of the Consolidation Act and was not binding on the defendant. It appears that prior to April 24, 1890, the trustees of the fourth ward applied to the board of education for an appropriation to protect Public School No. 14 in Oliver street, and this application was referred to the committee on buildings. No other proceeding by the board of education was had until December 3, 1890, long after the work was finished, when the committee on buildings presented a report to the board, which stated that improvements had been commenced upon the property adjoining the school and that, upon consultation with the trustees of the fourth ward, the proposed work was approved by the superintendent of school buildings,

being an emergency, and was afterwards confirmed by the committee; that an agreement was subsequently made with the plaintiff to protect the school building for the sum of $600; that the bill for the work, approved by the trustees of the fourth ward and the inspectors of the first school district, had been submitted to the committee, and the report recommended that the bill be paid and that the report be referred to the finance committee for the purpose of providing the necessary funds for its payment. This report was referred to the finance committee, who reported to the board on the same day, stating that the appropriation for the year 1890 was inadequate for the purposes thereof, and recommending that the board of estimate and apportionment be requested to transfer the sum of $9,700 from salaries of teachers, which was in excess of the requirements therefor, a portion of which was to be appropriated for repairs to buildings; and the board passed a resolution making such request on December 17, 1890. This request was received by the board of estimate and apportionment and referred to the comptroller, who reported on February 18, 1891, that these contracts were entirely illegal, having been incurred by the trustees of the different wards without any inquiry as to the balance available for such purposes, which report was received by the board of estimate and apportionment. No further action appears to have been taken upon the request and no transfer was made. It also appeared that on the 7th of April, 1890, the committee of buildings of the board of education received a request from the trustees of the fourth ward to make an arrangement in regard to premises occupied by School No. 14, in view of the building about to be erected on the lot adjoining the easterly side, and the rights of the respective owners, as the board should deem best, which request was referred to the counsel of the board to prepare the necessary resolutions. The superintendent of school buildings subsequently reported to the committee that upon consultation with the trustees, emergency work was approved by him and that he recommended that the application be laid over, with the emergency work approved, until an agreement could be had as to the price or bills rendered; and the committee approved the action of the superintendent and directed that the matter of the expense be laid over. At a meeting of the committee on buildings, held November 3, 1890, the plaintiff's bill for $600 for protecting property

of Public School 14 seems to have been received and referred to the finance committee. At a subsequent meeting of the committee on buildings, held on the 24th of November, 1890, a communication was received from the auditor of the board reporting the inability of the board to appropriate $600 to pay the plaintiff's bill, and the committee directed that a recommendation be made to the board that the bill be paid. There was also evidence from the record of the finance committee of November 17, 1890, that the chairman informed the committee that the condition of the appropriation for repairs of buildings would not warrant his reporting "financial ability" to pay this bill, but recommended that a request be made to the board of estimate and apportionment to transfer a fund to meet the amount of the bill. It thus appears that this contract was made by the school trustees of the fourth ward, upon the approval of the superintendent of the school buildings, but without formal approval of the board of education, or any of its committees, the committee on buildings simply approving the proposed work as an emergency; but it does not appear that either the board of education or a committee of the board actually approved the making of the contract. Nor does it appear that any appropriation was made by the board of education, or any of its committees, for the payment of the amount of the contract.

By section 1027 (Subd. 2) of the Consolidation Act (Chap. 410, Laws of 1882) the board of education is given the power to appoint a superintendent of school buildings, whose duties and powers shall be regulated and determined by the board of education, and to employ, under the superintendent of school buildings, necessary workmen and provide necessary materials for repairing, altering and enlarging school or other buildings.

By section 1028 it is made the duty of the board of education to apportion all the school moneys which shall have been raised for the purpose of meeting the current annual expenses of public instruction to the schools entitled to participate therein by the provisions of the chapter, and by section 1029 it is provided that the title to all school property, real and personal, shall be vested in the mayor, aldermen and commonalty of the city of New York, but shall be under the care and control of the board of education for the purpose of public education, "and no contract or contracts shall be made by

the school officers of any ward for the purchase of any site without the consent of the board of education, or for the erection or fitting up or repairing of any building, when such repairs shall exceed in amount the sum of two hundred dollars, as authorized in this chapter, until a statement, in writing, of the amount required for that purpose shall have been presented to the board of education by said school officers, and, together with a copy of the working drawings, plans and specifications of the work to be done, pursuant to the provisions of this chapter, shall have been duly filed and approved of as herein required, and an appropriation shall have been made by the board of education therefor." By section 1035, subdivision 3, it is provided that under such general rules and regulations, and subject to such limitations as the board of education may prescribe, it shall be the duty of the trustees for each ward to conduct and manage the said schools, and to furnish all needful supplies therefor, and to make all needful repairs, alterations and additions in and to the school premises.

Reading these sections together, the powers vested in the trustees are defined and limited. They are charged with the duties of making all needful repairs, alterations and additions in and to the school premises, but they have no power to make a contract or contracts for repairing any building when such repairs exceed the sum of $200, until a statement in writing of the amount required for that purpose shall have been presented to the board of education by the school trustees, together with a copy of the working drawings, plans and specifications of the work to be done, and such plans and specifications shall have been duly filed and approved of by the board of education, and an appropriation shall have been made by the board of education therefor.

By subdivision 14 of section 1027, the board of education is given all powers and privileges of a corporation. It is, however, a public corporation vested with certain defined powers, and can act only in the manner prescribed by the statute, and the school trustees in the several wards have certain powers conferred upon them, and within certain limits they have the power to incur obligations for the repairs of the school buildings, which obligations the law requires the board of education to discharge, but they are subject to the express limitations

prescribed by the Consolidation Act, and no contract or contracts made by them, not authorized by the Consolidation Act, are binding upon the board of education ; and the power of the trustees in any ward to incur any obligation which shall be binding upon the board of education, or make any contract or contracts for the repairing of any building, when such repairs shall exceed in amount the sum of $200, is limited so that no such contracts shall be made, until a statement in writing of the amount required for the purpose shall have been presented to the board of education by such school officers and approved by such board, and an appropriation shall have been made by the board of education therefor. The necessity of this provision is obvious. The board of estimate and apportionment of the city of New York is required to make an appropriation of money necessary for the maintenance of the public school system. The money so appropriated is to be .expended under the direction of the board of education, and they are charged with the duty to apportion such school moneys to the schools entitled to participate therein. So long as no contract is made which involves an expenditure of money until the board has made a specific appropriation for such a contract, the disbursements to be made are within the control of the board and can be limited to the amount appropriated for it by the board of estimate and apportionment.

No authority by a committee of the board of education or by the superintendent of buildings can obviate the necessity of an express apportionment by the board of education to meet the obligation to be incurred by the making of a contract by school trustees, and until such an apportionment is made the school trustees have no power to make a contract for the repair of a school building which shall exceed in amount the sum of $200 which shall be binding upon the board of education.

In this case it is not proved that the board of education approved this contract and appropriated money to pay the amount due thereunder, and it seems to me clear that the contract was one unauthorized by law and that it imposed no liability either upon the board of education or the city of New York. The fact that the board of education had, at the time the contract was made, money provided for the repair of school buildings from which it could have made such an appropriation does not at all obviate the difficulty

before referred to. The evidence is that, before this claim was presented for payment the board had under the law appropriated all the money applicable for this purpose for other purposes; and such appropriation having been made, there was no money from which the plaintiff's bill could be paid or from which the board could make an appropriation to pay it. All parties dealing with boards of public officers are chargeable with notice of the limitation of their powers, and a contract made by a public officer in excess of the powers conferred upon him imposes no liability upon a public or municipal corporation even though the benefits of the contract have been received and applied for the benefit of the public. ( *Walton* v. *The Mayor,* 26 App. Div. 76.)

The judgment was right and is affirmed with costs.

Van Brunt, P. J., Patterson, O'Brien and McLaughlin, JJ., concurred.

Judgment affirmed, with costs.